**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES CONERLY; et al.,

Plaintiffs-Appellants,

v.

JOHN PATRICK WINN; et al.,

Defendants-Appellees.

No. 20-17118

D.C. No. 2:20-cv-01833-JAM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

James and Carina Conerly and Marilyn Tillman-Conerly appeal pro se from

the district court's judgment dismissing sua sponte their action alleging claims

based on their state court custody proceedings. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

matter jurisdiction based on the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed plaintiffs' action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "de facto appeal" of a prior state court decision and plaintiffs raised claims that were "inextricably intertwined" with that state court decision. *See id.* at 1163-65 (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims, as well as requests for damages, are "inextricably intertwined" with the state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We reject as meritless plaintiffs' contention that the district court was biased against them.

Plaintiffs' motion to supplement their brief (Docket Entry No. 5) is granted. The exhibits attached to the motion include private information. The Clerk is directed to seal the exhibits.

**AFFIRMED.**